```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MUSA HOXHAJ et al.,                                                    :
                                                                       :
                              Plaintiffs,                              :
                                                                       :    21-cv-6486 (LJL)
             -v-                                                       :
                                                                       :          ORDER
MICHAEL CETTA, INC. et al,                                             :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/25/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiffs—three former employees of Sparks Restaurant (the "Restaurant") who bring this action under the Fair Labor Standards Act of 1947 ("FLSA") and New York Labor Law ("NYLL"), alleging Defendants'[1] failure to pay overtime wages, wrongful withholding of tips and age and religious discrimination—bring this letter motion pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), seeking to compel the production by Defendants of information regarding the payment of tips to waiters during the relevant time frame.  As relevant here, Plaintiffs allege that from December 2014, when nearly all of the Restaurant's employees walked out on strike as part of a labor dispute, until their terminations in or about September 2020, Plaintiffs were moved from their quasi-managerial job supervising waiters to jobs as waiters and busboys and were not paid the overtime required by law or given tips.  Dkt. No. 1 ¶¶ 17–35.  Plaintiffs request that Defendants produce "[a]ll tip sheets for the relevant time period" covered by the complaint,

---

[1] Defendant Michael Cetta, Inc. ("MCI") owns and operates the Restaurant.  Defendant Michael Cetta is alleged to be the CEO of MCI and its sole or controlling shareholder, and defendant Steven Cetta is alleged to be employed by MCI in an executive or managerial capacity.  Dkt. No. 1 ¶¶ 9–11.

and "[a]ll records showing the collection and distribution of tips." Dkt. No. 23-2 at 7–8 (Document Requests Nos. 5, 6.) Defendants have refused to produce documents responsive to both requests on the grounds that the requests seek information that is neither relevant to any party's claim or defense nor proportional to the needs of the case and that "Plaintiffs were not tipped employees and thus were not included in the tip pool." *Id.* In response to Defendants' motion, Plaintiffs argue solely relevance. They do not argue burden.

Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance is . . . to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Mortg. Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Sec. & Exch. Comm'n v. Rayat*, 2022 WL 1423300, at *2 (S.D.N.Y. May 5, 2022).

Plaintiffs allege that customers almost always left tips for the services provided by them and that they were not paid any of the tips that customers left using credit cards. Dkt. No. 1 ¶¶ 34–35. They allege that Defendants' failure to pay them the tips left by patrons for them violated Section 196-d of the New York Labor Law, *id.* ¶¶ 65-66, which provides that "[n]o employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of a gratuity or of any charge purported to be a gratuity for an employee.," NYLL § 196-d. The statute was intended to "end the unfair and deceptive practice of an employer retaining money paid by a patron under the impression that he is giving it to the employee, not to the employer." *Barenboim v. Starbucks Corp.*, 21 N.Y.3d 460, 469 (2013) (internal quotation marks omitted) (quoting *Samiento v. World Yacht Inc.*, 883 N.E.2d

990, 994 n. 4 (N.Y. 2008)).  The requested discovery is relevant to Plaintiffs' claims. Defendants' argument that Plaintiffs are not entitled to tips goes to their defense; it does not defeat Plaintiffs' right to request the discovery necessary to prove their claim.  *Cf. Islam v. Morgans Hotel Group Management LLC*,  2019 WL 5722218, at *3–4 (S.D.N.Y. Aug. 27, 2019) (holding that allegations that Hotel improperly retained gratuities that should have been paid to Plaintiff stated a claim for relief under N.Y. Labor Law § 296-d).

Accordingly, the motion to compel is GRANTED.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 23.

SO ORDERED.

Dated: May 25, 2022
       New York, New York  _____
                                        LEWIS J. LIMAN
                                  United States District Judge